# THE STATE v. DILLON.

| | |
|---|---|
| 74 | 653 |
| 78 | 491 |
| 74 | 653 |
| 92 | 549 |
| 74 | 653 |
| 104 | 726 |
| 74 | 653 |
| 125 | 513 |
| 74 | 653 |
| 129 | 214 |

1. **Murder**: EVIDENCE: STATEMENTS OF DECEDENT. After the decedent had received his fatal wound, the defendant and another were brought before him, and he then stated that defendant was the man who wounded him. *Held* that evidence of this statement was admissible to show the demeanor of the defendant when accused by the deceased. (Compare *State v. Nash*, 10 Iowa, 82.)

2. **Criminal Law**: TRIAL: USING WITNESSES BEFORE GRAND JURY. There is no obligation resting upon the state to use upon the trial all the witnesses examined before the grand jury, and evidence of a failure so to do is not admissible to show the *animus* of the prosecution. (Compare *State v. Middleham*, 62 Iowa, 153.)

3. **Murder**: EVIDENCE: NATURE OF WOUND: DEFENDANT'S KNOWLEDGE. Evidence that defendant was informed of the nature of decedent's wound shortly after it had been received *held* properly excluded, when offered by defendant.

4. —— : —— : WOUNDS UPON DEFENDANT. When defendant claimed that the fatal wound was given in an affray in which he had been knocked down, receiving certain injuries, evidence that no wounds were found upon him when arrested was admissible.

5. —— : RESULT OF CONTINUED AFFRAY: INSTRUCTION. An instruction asked, to the effect that, if the fatal wound was given in an affray which was but the culmination of a continued fight, then defendant could not be found guilty of any offense higher than manslaughter, and not of that offense, if he was defending himself, was properly refused, since he may have been the aggressor all through the fight. (Compare *State v. Morphy*, 33 Iowa, 276.)

6. —— : SELF-DEFENSE AFTER FIRST BEING AGGRESSOR: BURDEN OF PROOF: INSTRUCTION. An instruction which says, in effect, that if defendant, in the first instance, sought a disturbance or fight with the deceased, but afterwards sought to avoid the difficulty, the burden of proving that he inflicted the wound in self-defense is upon defendant, *held* erroneous. (See opinion for cases followed and distinguished.)

7. —— : MUTUAL COMBAT: SELF-DEFENSE AFTER WITHDRAWING: INSTRUCTION. The court instructed that "in case of mutual combat, where both parties are in the wrong, both or either are responsible for the results of their acts, and one cannot claim anything on the ground of self-defense from the assaults of the other, if within the nature of the combat, until he has first withdrawn from the combat, and retreated as far as he can with safety, and clearly evinces to his adversary his intention to do so." *Held* too strict as to the party withdrawing,—it being sufficient if his adversary has reasonable grounds for believing that he has withdrawn, even though the fact is not clearly evinced.

8. ———: INDICTMENT: COUNTS NOT IN ALTERNATIVE. An indictment for murder charged in one count that the offense was committed with a knife, and, in another, that it was committed with a certain sharp instrument to the grand jury unknown. *Held* that, although the counts were not in the alternative, the indictment evidently charged but one offense, and was therefore not bad on that account. (Compare *State v. Watrous*, 13 Iowa, 494.)

*Appeal from Clinton District Court.*—HON. A. J. LEFFINGWELL, Judge.

FILED, JUNE 9, 1888.

On the tenth day of May, 1887, one Timothy Mullany received a wound, from the effects of which he died some two days later. Appellant and one Richard Kelly were jointly indicted for the alleged murder of said Mullany. Appellant was tried separately, and convicted of the crime of murder in the second degree. He was sentenced to imprisonment at hard labor in the state penitentiary at Anamosa for the term of twenty-five years, and from that judgment he appeals.

*Walter I. Hays, D. J. Darling, J. S. Darling* and *A. L. Schuyler,* for appellant.

*A. J. Baker,* Attorney General, *A. Howat* and *L. A. Ellis,* for the State.

ROBINSON, J.—I. Two witnesses for the state were permitted to testify that, after Mullany was wounded, the defendant and another person were brought into his presence, and that Mullany then said that defendant was the man who had cut him. Appellant insists that the court erred in admitting this testimony, for the reason that the statement of Mullany was not a dying declaration within the meaning of the law, nor was it a part of the *res gestae.* We assume that the evidence was admitted to show the demeanor and statements of

1. MURDER: evidence: statements of decedent.

The State v. Dillon.

defendant when accused by the deceased, and for that purpose it was admissible. *State v. Nash*, 10 Iowa, 82.

II. Defendant attempted to show, by a number of witnesses who had not been called by the state, that

2. CRIMINAL law : trial : using witnesses before grand jury.

they had testified before the grand jury which returned the indictment upon which the defendant was tried. Evidence offered for that purpose was excluded. It is urged by appellant that it was the duty of the state to place upon the stand all the witnesses examined by the grand jury, and that its failure to do so might be proven to show "the *animus* of the prosecution, if for nothing else." It may be conceded that it was the duty of the state to show the real facts of the case so far as it was able to do so, and that it should not knowingly ask the conviction of an innocent person ; but we know of no rule of law which requires the state to produce as witnesses all persons who may have testified before the grand jury. The facts which some of them would testify to may be immaterial, · or may have been sufficiently established by other means, or the state may have good reason to question their truthfulness. Hence it follows that the failure of the state to produce all witnesses who testified before the grand jury is not a wrong, and creates no presumption of wrong. · *State v. Middleham*, 62 Iowa, 153.

III. Appellant complains of the refusal of the court to allow proof of the fact that he was informed of

3. MURDER: evidence: nature of wound : defendant's knowledge.

the nature of the wound inflicted on deceased a short time after it had been received. The record discloses no facts which made such evidence proper, and we think there was no error in excluding it.

IV. Complaint is also made of the ruling of the court in permitting witnesses to testify that they saw

4. ——: ——: wounds upon defendant.

no injuries upon the person of defendant at the time and soon after he was arrested. Defendant had claimed that the cutting was

done during an affray in which he had been knocked down, receiving certain injuries. It was certainly competent to prove that he showed no evidence of having received any injury, so far as observers could see, and we think there was no error in the ruling.

V. The appellant complains of the ruling of the court in refusing to give an instruction in the following language : " The theory of the prosecution upon the evidence is that Mullany was cut by Dillon at or near the corner of Seventh avenue and Second street, without there having been any preceding fight, except right then and there ; and its evidence has been offered to support this theory. If you find from the evidence and believe that there had been a preceding fight or quarrel between the parties engaged in the transaction, further east on Seventh avenue, and that what took place at or near the corner was a continuance of it, and that the said evidence upon the part of the state only covers the latter part of said fight, then the evidence for the state will not justify you in finding any verdict of guilty of any offense above manslaughter, and of that only in the event that you find from the evidence that said Dillon was not defending himself, as explained to you in the charge of the court." There was no error in refusing this instruction. If it be conceded that it correctly represents the theory of the state, it does not correctly state the law. Whether or not a murder could have been committed in the affair in which the wound which caused the death of Mullany was inflicted, would depend upon the circumstances under which the wound was received, and the purpose and intent with which it was inflicted. The jury may have found that defendant was the aggressor in all the transactions involved in this case, and that what he did was with a malicious intent. The evidence offered was not of such nature and import as to justify the instruction in any respect. *State v. Morphy*, 33 Iowa, 276.

VI. Much complaint is made of the fifteenth paragraph of the charge to the jury. It is lengthy, and does

*5. ——: result of continued affray: instruction.*

**6. ——: self-defense after first being aggressor: burden of proof: instruction.** not in all respects clearly express the legal proposition which it seeks to announce. There is some conflict in its statements. We need not set out the entire paragraph; but will consider one portion to which appellant objects, and which is as follows: "There is also another qualification, where a defendant in such case can still claim the benefit of the plea of self-defense; and this is when there has been on his part, after he sought the disturbance, and before the time he sought to exercise the claimed right of self-defense, a change of conduct or action on his part. But in such case the burden of proving such change, if any, is on the defendant, and he must satisfy you, by evidence introduced for that purpose, or by all the evidence in the case, that he did so change, or the plea of self-defense will not avail him except as hereinbefore explained." This portion of the charge says, in effect, that if defendant, in the first instance, sought a disturbance or fight with the deceased, but afterwards sought to avoid difficulty, the burden of proving that he inflicted the wound in self-defense is upon defendant, and he must satisfy the jury that such was the fact. This was not only erroneous, but in conflict with the second paragraph of the charge, which stated that "the burden of proof is on the state to show the absence of self-defense and the want of sufficient provocation, and the burden of proof at no stage of the case in this class of cases is cast upon the defendant, except where the defense is wholly disconnected from the body of the offense, and is distinct affirmative matter; as insanity, an *alibi*, or the like." This court held in *State v. Tweedy*, 5 Iowa, 437, that if the evidence fails to show that the act which caused the death was unjustifiable, or if that question was left in doubt, the jury should not convict, and that the defendant was not under the necessity of establishing matter in justification by a preponderance of the evidence. This was approved in *State v. Porter*, 34 Iowa, 140, when this court said that defendant "is entitled to an acquittal if

he shows by the facts attending the commission of the offense proved, either by himself or the state, that there is reasonable doubt that his act was wilful." See, also, *State v. Fowler*, 52 Iowa, 106; *State v. Cross*, 68 Iowa, 196. It is claimed that a contrary rule is sanctioned in *State v. Neeley*, 20 Iowa, 114; but an examination of that case will show that the question we have been discussing was not there considered. The case of *State v. Cross, supra*, does not sustain the portion of the charge which we have criticised, nor does the case of *State v. Peterson*, 67 Iowa, 566, also cited for appellee. Where insanity and some other defenses are relied upon, a different rule prevails. *State v. Hockett*, 70 Iowa, 452. The decisions of this court, so far as we are aware, have uniformly sustained the conclusions we reach in this case, that the portions of the fifteenth paragraph quoted are erroneous. But it is said that, if erroneous, no prejudice resulted, for the reason that there was no evidence of any change in the purpose of defendant with respect to decedent prior to the infliction of the death wound. There was evidence on the part of the defendant which tended to show that there was a difficulty between decedent and his companion, Coffey, on the one hand, and defendant and Kelly, on the other; and that the two last named retreated from the others before the final struggle, when deceased was wounded. What, if any, importance should have been attached to that evidence was within the province of the jury to determine.

VII. The sixteenth paragraph of the charge instructed the jury that, "in case of mutual combat, where both parties are in the wrong, both or either are responsible for the results of their acts, and one cannot claim anything on the ground of self-defense from the assaults of the other, if within the nature of the combat, until he has first withdrawn from the combat, and retreated as far as he can with safety, and clearly evinces to his adversary his intention so to do." It is objected by appellant that the rule here announced as to the one who withdraws from the combat is too strict, and we think

*7. ——: mutual combat: self-defense after withdrawing: instruction.*

this is true. If he actually and in good faith withdraws from the combat, he ceases to be a wrong-doer; and, if his adversary have reasonable ground for holding that he has so withdrawn, it is sufficient, even though the fact is not clearly evinced.

VIII. The indictment charges defendant and Kelly with the crime of murder in the first degree. In one count it is charged that the offense was committed with a certain knife, and in another that it was committed with a certain sharp instrument, to the grand jury unknown. In other respects the counts are substantially the same. It is claimed by appellant that the indictment is bad, for the reason that the counts are not in the alternative. It is clear, from the language used, that but one offense is charged, and the indictment is therefore sufficiently specific. *State v. Watrous,* 13 Iowa, 494.

*8. ——: indictment: counts not in alternative.*

IX. Numerous other questions are presented for our consideration; but, as none of them are likely to arise on another trial, we have no occasion to determine them. For the errors specified, the judgment of the district court is