## STATE OF IOWA V. THOMAS SHEA, Appellant.

**Assault:** INSTRUCTIONS. An instruction on a trial for assault with
intent to murder that whoever assaults another with the intent to
inflict upon him some injury of a greater or more serious charac-
ter than an ordinary battery, is guilty of an assault with intent to
inflict great bodily injury, is erroneous as omitting reference to
the unlawfulness of the assault

EVIDENCE. The state has the burden of proving beyond reasonable
doubt, on a trial for assault with intent to murder, that defendant
was not acting in self defense.

RIGHT OF A SALOON KEEPER. A saloon keeper has the right to repel an
assault made upon him by one whom he has ordered off his prem-
ises, if such order was not given for the purpose of provoking a
difficulty.

**Appeal:** REVIEW. The verdict of the jury will not be disturbed
where there is evidence justifying its finding.

*Appeal from Wapello District Court.*—HON. T. M. FEE,
Judge.

WEDNESDAY, APRIL 6, 1898.

DEFENDANT was indicted for the crime of an assault
with intent to commit murder. He was convicted of an

assault with intent to do a great bodily injury, and from the sentence imposed appeals.—*Reversed*.

*Steck & Smith* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

DEEMER, C. J.—Appellant and one Adams engaged in a quarrel upon one of the streets in the city of Ottumwa, resulting in the exchange of several shots between them, one of which took effect upon Adams' arm. The shooting is admitted, but appellant claims that his act in so doing was in defense of his person against the attack of Adams. There is evidence which justified the jury in finding that defendant was the aggressor, and appellant's claim that the verdict is without support is of no merit.

II. In the seventh instruction to the jury the court said: "(7) Whoever assaults another person with the intent to inflict upon such person some injury of a more grave and serious character than an ordinary battery, is guilty of an assault with intent to inflict a great bodily injury." This instruction is clearly erroneous. It overlooks a material ingredient of the offense, to-wit: the unlawfulness of the assault. *State v. Wyatt*, 76 Iowa, 328; *State v. Smith*, 102 Iowa, 656. The attorney general contends that the error, if any, is without prejudice, for the reason that the instructions as a whole required a finding by the jury that the assault was unlawful before they would be justified in finding a verdict of guilty. To this proposition we cannot agree, for the reason that some of the other instructions relating to the question of self-defense are erroneous.

III. Appellant asked the court to instruct that if, after considering the whole evidence, the jury enter-

tained a reasonable doubt as to whether or not the shooting was in self-defense, they should acquit him. This instruction was refused, and none was given covering the point, save the general ones relating to reasonable doubt. The law seems to be well settled that the burden is upon the state to show that the defendant was not acting in self-defense, and this it must do so by evidence sufficiently strong to remove all reasonable doubt. *State v. Morphy*, 33 Iowa, 270; *State v. Porter*, 34 Iowa, 131; *State v. Fowler*, 52 Iowa, 103; *State v. Cross*, 68 Iowa, 180; *State v. Dillon*, 74 Iowa, 653; *State v. Donahoe*, 78 Iowa, 486. No instruction to this effect was given. Such omission, in view of the instruction asked, was prejudicial error. Contention is made that, as no evidence was adduced by the state tending to show that the act was in self-defense, the burden was upon the defendant to establish the claim that his act was so done. This proposition is mooted, but not decided, in *State v. Cross, supra*. The court, as now constituted, cannot see any good reason for incorporating such qualification into the rule. As said in *State v. Porter, supra:* "The defendant is entitled to an acquittal if he shows by the facts attending the commission of the offense, proved either by himself or the state, that there is a reasonable doubt that his act was willful." If the evidence introduced by the state negatives the idea of self-defense, this, in itself, is affirmative proof that the act was not justifiable. But such evidence, whether direct or circumstantial, does not change the rule as to the burden of proof. Aside from this, however, there was some evidence adduced by the state which tended to show that Adams was the aggressor; and it was the duty of the court, under all of the authorities, to place the burden upon the state of proving beyond a reasonable doubt that the shooting was unjustifiable,

IV.   Adams was in defendant's saloon just prior to the time the shooting occurred, and defendant ordered him out of the place and off the premises.   The defendant asked an instruction to the effect that he had a right to do this, and that if Adams, after leaving the place, made an assault upon defendant, defendant was justified in repelling the assault. No such instruction was given, and error is predicated upon the omission.   We think that this proposition, limited by the thought that defendant's act in so doing was not for the purpose of provoking a difficulty with Adams, should have been given.   Some other errors are complained of, but, as the questions presented are not likely to arise upon a re-trial, we do not consider them.   For the errors pointed out, the judgment is REVERSED.