STATE OF IOWA v. JOSEPH USHER, Appellant.

**Murder:** EVIDENCE: CROSS-EXAMINATION. The testimony on cross-
1 examination of a witness for the State which is foreign to his testimony in chief should be excluded.

**Confession:** PROOF OF SAME. Oral testimony of a confession is not
2 competent, where the confession was reduced to writing and signed, but its admission was not reversible error where the writing afterward admitted, substantiated the oral statements.

**Self-defense:** INSTRUCTIONS. In a prosecution for murder which is
3 admitted but justified on the ground of self-defense, the defendant is entitled to an instruction that the burden is on the State to show that the act was not in self-defense, especially where the tenor of instructions given were calculated to impress the jury with the idea that it was a defense for the defendant to establish.

*Appeal from Linn District Court.*— HON. WM. G. THOMPSON, Judge.

TUESDAY, JANUARY 10, 1905.

THE defendant was tried on an indictment charging murder in the first degree, and was found guilty of manslaughter. From a judgment on the verdict, he appeals.— *Reversed.*

*Redmond & Stewart, Cooper & Lamb,* and *Smith & Smith,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

SHERWIN, C. J.— The defendant shot and killed William Garrity on the 26th day of May, 1903. Garrity had worked for the defendant at different times and for different terms during the four or five years immediately preceding his death, and practically all of the time from the middle of March of that year. There had never been any serious trouble between them, and the evidence shows their feelings towards each other to have been that of friends up to the time of Garrity's death. Garrity went to Cedar Rapids about the 10th of May, where he remained until the day before he was killed, and the evidence tended to show that during his absence he was drinking heavily, and was intoxicated at least a part of the time. He returned to the defendant's home in the country with the defendant in the evening of the 25th of May, and the next day assisted in the work on the place. In the evening of that day he was in the sitting room with the defendant's family until about 9 o'clock, when he went to bed in a room which he occupied alone in the second story of the house. Some time thereafter, and after the defendant had gone to bed, the defendant heard a noise upstairs, and went up there to see what the trouble was. He says that he went in Garrity's room, by the bed where he was sleeping, and towards the window; that after he had passed the bed Garrity sprang therefrom to the floor between the door of the room and himself, said he was going to kill him, and started towards him; that he then picked up a

rifle which was in the room, and fired the shot that killed Garrity. After shooting Garrity, the defendant took the gun to a granary, where he attempted to conceal it. He then awakened the other members of his family, and caused some of his neighbors to come to the house. From all of these he concealed the true facts, and stated to them that he thought Garrity had died a natural death. And such was his first statement to the authorities.

Many errors are noted in the appellant's "brief of points," but we shall notice specifically only such matters as we deem material for the guidance of the court and counsel on a retrial of the case. The appellant caused the bloody bedding that was in Garrity's room to be burned, and on the trial he showed by the testimony of witnesses, and offered to show by the testimony of others, that Garrity was afflicted with a loathsome private disease at the time of his death. There was no error in excluding the testimony. The answers were sought on the cross-examination of the State's witnesses, and were foreign to the matter testified to in chief. Furthermore, the defendant had never given Garrity's condition as the reason for burning the bedding, but had given another reason therefor. Had he done so, the evidence would have been competent as tending to explain the act, but in the absence of such a claim it was immaterial.

1. EVIDENCE: cross-examination.

The appellant made contradictory statements after his arrest. The last statement made by him was taken in shorthand, and translated for the State. A witness for the State was asked what the defendant said in the statement which was reduced to writing, and was allowed to answer. In *State v. Busse,* 100 N. W. Rep. 536, we intimated, but did not definitely decide, that parol testimony of a confession is not competent when the confession has been reduced to writing and has been signed by the defendant, and such we conceive to be the rule. It is not controlling here, however, because the writing was

2. CONFESSION: proof of same.

afterwards put in evidence, and the statement of the witness was fully supported thereby.

The court might well have sent Exhibits H and I to the jury room, but it was a matter within its sound discretion, and we do not think the defendant was prejudiced because of the ruling.

The court fully and carefully instructed as to the different degrees of crime included in the indictment, and did not tell the jury in the eleventh paragraph of its charge that the defendant could be found guilty of murder in the first degree if malice was found, whether there was premeditation and deliberation or not.

The fourteenth paragraph of the charge was devoted to the subject of self-defense, and in a general way it covered the law relative thereto. Its whole tenor, however, was calculated to impress on the minds of the jurors the idea that it was a defense to be established by the defendant, and that, if he had failed therein, there should be a conviction. The closing clause of the instruction is as follows: "Hence if you find from the evidence that the defendant, at the time and place in question, was assaulted by the said William Garrity, and that from the nature and character of the assault upon him it reasonably appeared to him, as a reasonably prudent, courageous and cautious man, that he was about to suffer death or great bodily harm to himself by reason of the said assault, and that it further so appeared to him that the use of the gun in question was the only means of saving his life or preventing great bodily harm to himself, then he would be justified in using the gun." No instruction to the effect that the burden was on the State to show that the defendant was not acting in self-defense was given, although one was asked. We are of the opinion that it should have been given. The defendant admitted the killing, and justified it on the ground of self-defense. It was therefore of the greatest importance to him that the jury be told that it

3. SELF-DEFENSE: instructions.

must be satisfied beyond a reasonable doubt that he was not acting in self-defense when he killed Garrity.  *State v. Donohoe,* 78 Iowa, 486; *State v. Shea,* 104 Iowa, 724.  There was a failure in this respect, and an instruction was given which may easily have been understood as placing the burden on the defendant.

It is earnestly contended that the verdict should not be permitted to stand because of the insufficiency of the evidence. We have given the record the careful consideration necessary to determine this question, and cannot agree with the appellant's contention.  We find no prejudicial error other than the one noticed.  The judgment is reversed, and the case remanded.— *Reversed.*