THE STATE OF IOWA v. CHARLES SHARP, Appellant.

**Assault with intent to murder:** SELF DEFENSE: BURDEN OF PROOF. On a prosecution for an assault with intent to commit murder, the burden is upon the State to satisfy the jury beyond a reasonable doubt that the defendant was not acting in justifiable self defense, where there is evidence in support of that plea; and the jury should be so instructed.

*Appeal from Keokuk District Court.*— HON. JOHN T. SCOTT, Judge.

TUESDAY, JUNE 6, 1905.

UNDER an indictment charging an assault with intent to commit murder, the defendant was convicted of assault with intent to commit great bodily injury, and was sentenced to imprisonment in the county jail for the term of three months. From this sentence he appeals.— *Reversed.*

*W. C. Gambell* and *Brown & Willcockson,* for appellant.

*C. W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

McCLAIN, J. — The evidence tended to show that defendant shot the prosecuting witness, one Carter, in the arm with a revolver, and that this act followed a fight between defendant and one Keasling. The evidence for the prosecution was that Carter appeared on the scene of the fight at its conclusion, and that, as he was getting out of his buggy, defendant, without provocation, fired at and wounded him. There was evidence for the defendant, however, that Carter advanced upon the defendant in a menacing manner, flourishing a knife, and using violent language, and that de-

fendant, in what he did, acted in self-defense. The prin-
cipal question of fact in the case was whether or not defend-
ant acted justifiably in making self-defense, and the court
instructed the jury quite fully as to the matter. One of the
instructions was, in substance, that the defendant had ad-
mitted as a witness the shooting of Carter, but claimed that
it was done in self-defense, and that

> If the evidence has satisfied you that, at the time and
> place of the commission of the crime charged, . . .
> said Carter armed himself with a knife, . . . and in
> an angry and threatening manner advanced toward defendant,
> and you further find it established by the evidence that it
> appeared to defendant he could not safely have retreated and
> avoided injury to himself, but that, acting as a reasonably
> prudent man under the circumstances, his only safety lay in
> shooting defendant, and in so acting he did shoot him, then
> your verdict must be for the defendant.

The defendant asked an instruction to the effect that the
burden was on the prosecution to show that defendant was
not acting in self-defense, and that the prosecution must
sustain such burden by evidence sufficiently strong to re-
move all reasonable doubt. But this instruction was re-
fused, and the only one relating to the burden of proof was
the one above quoted.

It is evident that the instruction given had the effect of
throwing on the defendant the burden of making out self-
defense (the assault and injury being conceded) by a prepon-
derance of the evidence. Indeed, the language would in-
dicate that this defense was to be established not only by pre-
ponderance of evidence, but by evidence satisfying the minds
of the jurors of the fact that the defendant acted in self-
defense. Such an instruction is plainly erroneous. This
court has uniformly held that self-defense is not an affirm-
ative matter to be established by the defendant, but that, if
there is any evidence tending to show the defendant to have
acted in self-defense in making the assault charged, such

evidence relates to the question of whether there was any crime committed, for defendant's act would not constitute a crime if done in proper defense of his person, and that the burden of proof is therefore on the prosecution to make out the commission of a crime beyond a reasonable doubt, in view of the evidence of defendant having acted in self-defense. *State v. Usher*, 126 Iowa 387; *State v. Matheson* (Iowa) 103 N. W. 137; *State v. Shea,* 104 Iowa, 724.

The court erred, therefore, in not so instructing the jury as to give them plainly to understand that the burden was on the prosecution to satisfy the jury beyond a reasonable doubt that the defendant was not acting in justifiable self-defense. For error in this respect, the case must be, and is, remanded for a new trial. — *Reversed.*