STATE OF IOWA V. R. E. MORRIS, Appellant.

**Assault with intent to commit manslaughter:** INCLUDED OFFENSES: INSTRUCTION. Failure to include in an instruction defining assault with intent to commit manslaughter, a reference to a specific intent as an essential element, was not prejudicial to defendant, where he was acquitted of the crime charged but was convicted of an included offense which was properly defined in the instruction.

**Instruction:** SELF DEFENSE. The court is not justified under a plea of not guilty in singling out a particular issue, as that of justifiable self defense, and by an instruction leading the jury to believe that defendant's guilt or innocence is dependent upon the truth or falsity of the specific issue.

**Same.** The jury should not be limited by an instruction to the consideration simply of defendant's evidence on the issue of self defense, but should be directed to consider all of the evidence in the case in determining whether the defendant acted in justifiable self defense.

**Same.** An instruction which bases justifiable self defense upon the actual necessity of resistatnce, rather than upon defendant's reasonable belief as to the existence of such necessity, is erroneous.

*Appeal from Polk District Court.*— HON. W. H. McHENRY, Judge.

TUESDAY, NOVEMBER 14, 1905.

DEFENDANT was indicted for assault with intent to commit manslaughter, and convicted of assault with intent to commit great bodily injury. From a judgment on this conviction, imposing a fine of $100, defendant appeals.— *Reversed* and *remanded*.

*Bowen, Brockett & Weldy,* for appellant.

*Chas. W. Mullan,* Attorney General, *Lawrence De Graff,* Assistant Attorney General, and *Jesse A. Miller,* County Attorney, for the State.

McCLAIN, J.— The abstract of appellant presents only the indictment and the instructions, and the appellant relies upon errors in the instructions for a reversal. Many of the objections are, as we think, without merit, and a discussion of them involving the consideration in detail of the language of the particular instructions would be of no advantage. It is sufficient to say that as it seems to us there was no prejudicial error in the instruction of the court defining the crime charged, and the included crimes of assault with intent to commit great bodily injury and a simple assault. The definition of assault with intent to commit manslaughter is criticised on the ground that the court failed to include a specific intent as an essential element of the crime. However this may be, we fail to see how defendant can complain of an instruction as to the offense for which he is indicted, but of which he is acquitted, where the effect of the error in the instruction would be to render it easier for the jury to convict him of such offense. Certainly the jury would be no more likely to convict him of an included crime because of such an erroneous instruction with regard to the crime charged in the indictment.

1. ASSAULT WITH INTENT TO COMMIT MANSLAUGHTER: instruction: included offenses.

Counsel contend that the instruction became the law of the case, and that under such instruction there was no sub-

stantial difference between assault with intent to commit manslaughter and assault with intent to commit great bodily injury, and that the verdict should be set aside because the jury under the instruction did not convict of the higher offense.   We think, however, that the offense of assault with intent to commit great bodily injury was correctly defined, and see no reason for setting aside the verdict on defendant's complaint that he might have been convicted of the higher offense.   It is a sufficient answer to the argument for appellant to say that, even if the jurors were entirely unable to understand the definition of assault with intent to commit manslaughter, yet, if they found facts justifying a conviction of assault with intent to commit great bodily injury which was properly defined, the verdict of guilty as to that charge would be unobjectionable so far as defendant is concerned.

There may be cases, of course, where the definition of the lower degree or the included crime of which the defendant is convicted is so dependent upon the definition given of the higher degree or of the including crime charged that errors in the latter will require that the conviction be set aside. But we cannot imagine how in' the present case the jury could have been misled by any definition of assault with intent to commit manslaughter into convicting the defendant of assault with intent to commit great bodily injury without his being guilty of the latter offense, and this suggestion obviates the necessity for any elaborate discussion of the conclusion reached by this court in *State v. Adams,* 78 Iowa, 292.   In that case there was an indictment for murder and a conviction for manslaughter, and complaint was made of an instruction that the annoyance resulting from a charivari would not constitute such provocation as to reduce the homicide to manslaughter.   The court held this instruction to be erroneous and reversed because, even under the conviction for manslaughter, the instruction was prejudicial to defendant, in that its tendency was " to confuse and mislead

the jury as to one of the most important questions in the case and to impress upon their minds that the conduct of the parties engaged in the tumult should be lightly considered by them." But the failure of the court in the present case to refer to the intent necessary to constitute the crime of assault with intent to commit manslaughter could have had no such effect, and, even if it constituted error, which we do not decide, could not have prejudiced defendant in his defense as to assault with intent to commit great bodily injury. The assumed error of the court was favorable to the defendant in any view of the case and not against him as in the Adams Case.

The court gave instructions to the jury as to self-defense and these instructions are complained of substantially on two grounds: First, that the jury were told that " the defense
2. INSTRUCTION: in the case is justifiable self-defense," thus ex-
　self defense.　cluding any other issue from the consideration
of the jury; and, second, that the actual necessity of resistance and not the defendant's reasonable belief as to the existence of such necessity was made the test in determining whether the assault by defendant was justifiable. We think there is much force in the first of these objections; for, while the court did instruct the jury that the defendant's plea of not guilty put in issue every material allegation in the indictment and submitted the general issue of his guilt for their determination, nevertheless the effect of the language quoted must have been to indicate to the jury that, if self-defense was not made out, they might properly under the evidence convict the defendant. The court is not justified under a plea of not guilty in directing that the defendant be convicted, unless some particular fact on which the defendant relies is established, and thus narrowing the issue to the truth or falsity of the particular matter thus relied on. *State v. Lightfoot,* 107 Iowa, 344; *State v. Austin,* 109 Iowa, 118; *State v. Carter,* 112 Iowa, 15; *State v. Bige,* 112 Iowa, 433.

The primary difficulty with the whole instruction is that it assumes that evidence relating to self-defense goes to establish a specific and affirmative defense to the charge of crime which is put in issue by the plea of not guilty.

3. SAME.

The court cannot properly separate the claims of the State and the claims of defendant in a criminal prosecution, and make conviction or acquittal depend upon the establishing by defendant's evidence of some particular claim which is made in his behalf. *State v. Vance,* 119 Iowa, 685. It is true that the jury were told, if the evidence of defendant on the subject of self-defense raised in their minds a reasonable doubt as to whether defendant acted in justifiable self-defense, as defined in the instruction, they should acquit, but the effect of this direction was to limit them in the determination of the question whether a reasonable doubt was raised by the evidence relating to self-defense. The jury should take into account, not only the specific evidence on that subject introduced by defendant, but all the evidence in the case. *State v. Tweedy,* 5 Iowa, 433; *State v. Donahoe,* 78 Iowa, 486; *State v. Cross,* 68 Iowa, 180. We have recently had occasion to reaffirm the doctrine that the burden is not on the defendant to establish self-defense or to raise reasonable doubt with reference thereto, but that the question raised by evidence which tends to show self-defense is whether on the whole case there is a reasonable doubt as to defendant's guilt. *State v. Sharp,* 127 Iowa, 526; *State v. Shea,* 104 Iowa, 724.

It is argued on behalf of the State that, if the only evidence in this case tending to show that defendant acted in self-defense was found in his own testimony as a witness, then the instructions given were proper, and that, as the evidence is not set out in the abstract, we must presume in support of the instructions that this was the fact, and therefore that prejudicial error is not made to appear. Perhaps for this reason, we should not reverse for this alleged error;

but it is proper to suggest that the form of the instruction is not to be approved.

The second objection made to the instruction relating to self-defense is also well taken.    Nowhere is the jury told that the justification or excuses which would be established by evidence showing that the defendant acted in self-defense is predicated upon the reasonable belief of defendant as to the danger in view of which he acted, but throughout the court refers to the necessity of such action rather than the reasonable belief of such necessity.    That this method of presenting the question of self-defense is erroneous has often been decided by this court.    *State v. Smith,* 100 Iowa, 1; *State v. Bone,* 114 Iowa, 537.

4. SAME.

On account of error in the instructions relating to self-defense, the judgment of the lower court is reversed, and the case is remanded for a new trial.    *Reversed* and *remanded.*