STATE OF IOWA, Appellee, v. WILLIAM ROURICK, Appellant.

No. 40465.

DECEMBER 9, 1930.

448

*G. C. Dalton,* for appellant.

*John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

ALBERT, J.—Much of the argument of the appellant is bottomed on the proposition that the State did not make out a case, in that the evidence was insufficient to take the case to the jury.  With this we do not agree. The defense made in the case was what is commonly known as "self-defense," and when this issue is raised, the burden of proof is upon the State to prove beyond a reasonable doubt that the defendant was not acting in self-defense. *State v. Porter,* 34 Iowa 131; *State v. Shea,* 104 Iowa 724. In Instruction No. 1, the court, among other things said:

"In order to convict the defendant, the State must show, by the evidence before you, and beyond a reasonable doubt, all of the following matters:

"(1)   That, on or about May 25, 1929, the defendant did strike the said Claud Kitelinger.

"(2)   That said striking was willful and unlawful.

"(3)   That said offense, if any, was committed in Cass County, Iowa."

Instruction No. 4 reads as follows:

"If the State has shown by the evidence before you and beyond reasonable doubt all of the foregoing material matters, then you should convict the defendant."

It will be noticed that, under this last instruction, the question of self-defense is wholly omitted from the burden of the State. There was abundant evidence to carry this question to the jury, and in fact it was the real issue raised by the defendant; yet, notwithstanding this situation, under Instruction No. 4, the jury was authorized to convict the defendant without giving any consideration whatever to the issue thus raised by him.

The only thing further said on this subject is in Instruction No. 10, reading as follows:

"The defendant claims that what he did, if anything, in

the way of striking said Claud Kitelinger was what is commonly known as self-defense. Our statute provides that lawful resistance may be made by a party about to be injured, to prevent an offense against his person, and under this statute, a person may lawfully resist an unlawful attack or unlawful assault upon his person; and in this case, the burden is upon the State to show not only that the defendant assaulted said Claud Kitelinger, but also to show that said assault was unlawful."

A simple reading of this last instruction shows that it in no way remedies the error committed in Instruction No. 4.

If the jury believed the prosecuting witness, they could find that the defendant was standing on the street, talking to his father and his brother, when the prosecuting witness stepped up to the defendant and asked him, "What in hell did you mean by going to my [prosecuting witness's] house?" The State was permitted, over objection, to have the wife of the prosecuting witness testify:

"I live across the road from the defendant. In the neighborhood of 3 o'clock, Bill Rourick [defendant] came across to my house while my husband was in town, and cursed and swore quite a good deal, and threatened and told what he could do, but he didn't do anything."

The mother-in-law of the prosecuting witness corroborated the testimony of his wife. There is no showing whatever in the record that this conduct on the part of the defendant at the home of the prosecuting witness was known to or communicated to the prosecuting witness before the alleged assault and battery; but if it had been, this testimony was wholly immaterial and irrelevant, and the objections made should have been sustained.

Numerous other errors are assigned, but, as they are not likely to occur on a retrial of the case, we give them no further attention.

For the errors pointed out, the case is—*Reversed*.

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.