STATE OF IOWA, Appellee, v. J. L. McDOWELL, Appellant.

No. 44988.

FEBRUARY 13, 1940.

REHEARING DENIED JUNE 20, 1940.

McCoy & McCoy, for appellant.

Fred D. Everett, Attorney General, Jens Grothe, Assistant Attorney General, and W. M. Spencer, County Attorney, for appellee.

SAGER, J.—In what follows no attempt will be made to do more than set out the highlights of the State's case and how it was met by the defendant; because, if a fact question was presented the verdict of the jury was conclusive as to that.

Cars driven by the defendant and one Munsell collided about 3:15 o'clock of the morning of October 10, 1937. When the vehicles came to rest the condition of defendant, as relates to his alleged intoxication, is thus described by Munsell:

"His [defendant's] motor was running wide open and racing and I asked him to cut it off. He just mumbled something to me, didn't seem to understand, and I reached across him and shut the motor off for him. He was sitting under the wheel of the car. His wife was on the righthand side. She was slumped down in the seat, slid forward. She was screaming when I got out of my car. As I got to their car she was screaming, 'I knew he would do it if I didn't watch him.' * * * He got out and staggered around and I helped her get up in the car. I noticed that someone had vomited on the righthand running board. At the time I turned off the motor of the car I could smell McDowell's breath and he smelled very strong of alcohol. The whole car smelled of alcohol and intoxicating liquor. * * * After we got straightened out a little McDowell staggered around and wanted to argue with me about the wreck. * * * His voice was thick and he mumbled. Didn't talk plain so you could hardly understand him for a while. He was excited, argumentative, and very angry. * * * I would say that Mr. McDowell was intoxicated or drunk, whatever way you would call it."

Hook, the sheriff of the county, reached the place of the accident about 3:30 o'clock. The night was clear and pavement dry. The sheriff thus described the defendant's condition:

" * * * I had a conversation with the defendant, J. L. McDowell, and made some examination of him. There was an odor of liquor on his breath. His speech was not distinct. He had a groggy appearance. He did not stagger. * * * After he was in my custody I noticed his eyes were red and bloodshot. The car had a very strong odor of liquor on the running board where someone had thrown up. He was intoxicated to a marked degree."

The sheriff took the defendant in custody and placed him in jail. Commenting on the defendant's condition later, the sheriff said:

"I saw him again during the forenoon and he still showed

signs of intoxication. I noticed the change in his condition about one o'clock, there being less signs of intoxication.''

Everett, a farmer living nearby, who was awakened by the crash, testified to the vomit on the car, the odor of liquor all around it. The defendant, when asked by this witness how the accident occurred, said something about there being a fog and he couldn't see. This witness smelled liquor upon the defendant's breath and was of the opinion he was intoxicated so that when asked ''questions he didn't repeat them coherently.''

For the purposes of this opinion it is sufficient to say that all the testimony of intoxication was denied by the defendant and his wife, and by four or five witnesses who testified that they were with the defendant and wife until a very short time before the accident. Defendant attributes his dazed or groggy condition to a blow over the right eye sustained when the cars came together. Two doctors expressed the opinion that a concussion, a blow on the head might produce some of the actions of the defendant as described by the State's witnesses. Defendant also produced a number of substantial witnesses who testified to his good moral character, though none of them was asked their opinion as to the character of the defendant on the trait involved in the charge, to wit, sobriety, or the lack thereof.

I. Defendant argues as his first ground, that the court erred in refusing to direct a verdict in his behalf, and in failing to instruct the jury to find him not guilty. He cites a large number of cases but none are persuasive and all distinguishable from the case at bar. We call attention to but a few. State v. Hopper, 222 Iowa 481, 269 N. W. 431, is the latest of the cases cited by appellant as announcing the doctrine contended for—that where facts and circumstances are relied upon to prove guilt, there must be no other reasonable hypothesis than that of guilt. This case, upon examination, will be found to be an authority against the defendant. Quoting from State v. Lorey, 197 Iowa 552, 554, 197 N. W. 446:

''The evidence was ample to take to the jury the question as to whether or not appellee 'was engaged in the operation of

said automobile.' * * * The case presented all the essential facts for the determination of the guilt of appellee by the jury, and in fact, upon the evidence, the conclusion of guilt is quite irresistible.''

This being the rule, it becomes unnecessary to analyze the cases cited to the effect that a conviction may not rest on conjecture alone.

If the jury believed the State's witnesses, the conviction of the defendant was not based upon speculation or conjecture, but rests upon a solid foundation of fact. But, defendant argues, his moral character having been proven to be good, this was of itself sufficient to generate a reasonable doubt. He cites, among other cases, State v. Bell, 206 Iowa 816, 221 N. W. 521; and State v. Johnson, 215 Iowa 483, 245 N. W. 728. These not only do not support that claim, but an approved instruction to the contrary appears in the Bell case. It is said that the verdict was against the weight of the evidence and a new trial should have been granted on that ground. What we have said as to the functions of the jury answers this contention against appellant. See State v. Kendall, 200 Iowa 483, 203 N. W. 806; State v. Giles, 200 Iowa 1232, 206 N. W. 133, 42 A. L. R. 1496; State v. Schenk, 220 Iowa 511, 262 N. W. 129; State v. Harrington, 220 Iowa 1116, 264 N. W. 24; State v. Wehde, 226 Iowa 47, 283 N. W. 104; and State v. Lowenberg, 216 Iowa 222, 227, 243 N. W. 538, 541, wherein we said:

''It is peculiarly the province of the jury to pass upon questions of fact. Reversal upon the ground of the insufficiency of the evidence to justify a conviction will follow only where the evidence to support the verdict is so utterly wanting that it cannot be sustained.''

It hardly needs to be said that we would not be justified in holding that the jury was not warranted in believing the State's testimony.

II. Defendant's second assignment is that the court erred in refusing to give requested instructions Nos. 26, 33 and

37. These ask the court to embody appellant's contention that his condition after the accident was caused by his head striking some part of the car, resulting in shock, the purport of the instructions requested being that the jury should take this into consideration together with all circumstances and if, when so considered, there was a reasonable doubt of defendant's guilt, they must acquit. Stated alternatively, requested instruction No. 7 told the jury that before defendant could be found guilty, they must be satisfied beyond a reasonable doubt that his acts and conduct were *not* induced by the shock of the collision. It would seem a sufficient answer to this contention to quote instruction No. 15 given by the court:

"The defendant claims that his condition immediately after the collision was caused by an injury received by him at the time of the collision and resultant shock caused by said injury and collision.

"In determining whether the defendant was intoxicated at the time of the collision, or whether his condition immediately after the collision was the result of injury and shock, you should take into consideration the fact of the injury received by him, if you so find; the nature and extent thereof and its effect upon the defendant, if shown and as shown; and all the other evidence and facts and circumstances shown on the trial as surrounding the collision, if shown and as shown."

This appears to embody every thought included in the requested instructions; and it is difficult to see how the court could have gone further without joining in the argument for the defense.

In support of this division of his argument, defendant cites State v. Shea, 104 Iowa 724, 74 N. W. 687; State v. McGarry, 111 Iowa 709, 83 N. W. 718; State v. Brady, 121 Iowa 561, 97 N. W. 62, 12 L. R. A., N. S., 199; State v. Usher, 126 Iowa 287, 102 N. W. 101; State v. Sharp, 127 Iowa 526, 103 N. W. 770; State v. Matheson, 130 Iowa 440, 103 N. W. 137, 114 Am. St. Rep. 427, 8 Ann. Cas. 430; State v. Brooks, 192 Iowa 1107, 186 N. W. 46; State v. Wheeler, 216 Iowa 433, 249 N. W. 162; State

v. Wheelock, 218 Iowa 178, 254 N. W. 313; State v. Sampson, 220 Iowa 142, 261 N. W. 769; and State v. Fador, 222 Iowa 134, 268 N. W. 625. A glance readily distinguishes all of them, as it does others cited but not here mentioned.

III. Appellant's next complaint assails instruction No. 15, just considered, on the ground that it failed to include the further statement that "if the evidence above referred to, taken into consideration with all the other facts and circumstances disclosed by the evidence, raises in your mind a reasonable doubt, as hereinbefore defined, as to the guilt of the defendant then it would be your duty to acquit him." A reading of defendant's request leaves some doubt as to what appellant means. It seems to be his idea that each instruction must in and of itself be complete. We have too frequently said that the instructions must be taken as a whole to require citation of authorities. In this case the court fully instructed as to the meaning of reasonable doubt and told the jury that "if, after a careful and impartial consideration of all the evidence presented in the case, you can feel and say you have an abiding conviction of guilt of the defendant, as charged in the indictment, and are fully satisfied of the truth of the charge, then you are satisfied beyond a reasonable doubt." We find no error here.

IV. Appellant's fourth proposition is that instruction No. 2 is erroneous. It reads:

"To this indictment the defendant has entered a plea of not guilty, which plea denies and puts in issue every material allegation in the indictment contained, and before the state will be warranted in asking a verdict of guilty at your hands, it must have satisfied you from the evidence, beyond a reasonable doubt, of the truthfulness of all such material allegations. If you are so satisfied, you should convict the defendant. If you are not so satisfied, you should acquit him."

This instruction, defendant says, is complete within itself and excluded from the jury the consideration of defendant's claim of injury or shock, the specific complaint being that it

was erroneous because it did not have added to it this: "And you further find that defendant's condition was not caused by injury to his head striking against the car or by resultant shock, or words to that effect." What we said in answer to division III is sufficient answer to this.

Counsel cite a large number of cases as sustaining the contention at this point by argument. We analyze a part of them. Quinn v. Railway Co., 107 Iowa 710, 77 N. W. 464, is a personal injury action. Error was found because the instructions failed to include the defense of assumption of risk. Lauer v. Banning, 140 Iowa 319, 118 N. W. 446, was a breach of promise case. The court's instruction ignored the claims of the defense. Romans v. Thew, 142 Iowa 89, 120 N. W. 629, was a brokerage contract case, wherein an instruction was found to be erroneous because it in effect was a peremptory direction in favor of plaintiff, and totally ignored defendant's testimony. In State v. Johnson, 162 Iowa 597, 144 N. W. 303, one instruction permitted a finding of guilt without including the defendant's claim of self-defense. The court held that the error was not remedied by a later instruction in conflict therewith. State v. Rourick, 211 Iowa 447, 233 N. W. 509, was reversed because a finding of guilt was permitted in an assault case without reference to self-defense. In Smith v. Middle States Utilities Company, 224 Iowa 151, 275 N. W. 158, instructions were erroneous because they permitted a recovery for fraud by proof of the elements thereof while totally ignoring defendant's plea of statute of limitations.

V. The fifth error complained of has to do with instruction No. 16 which reads as follows:

"The defendant has introduced testimony in this case to the effect that prior to the 25th day of October, 1937, his general moral character was good. This testimony should be considered by you along with all the other evidence in the case in passing upon the question of his guilt or innocence of the offence charged against him.

"Upon this you are further instructed that good general

moral character may be considered by you ·in determining whether a man possessing such good moral character would be apt to commit the crime with which the defendant is charged. Such good general moral character may be sufficient in and of itself to generate in the mind a reasonable doubt as to defendant's guilt. And if the evidence as to the defendant's good character when considered along with all the other evidence, causes the jury to have a reasonable doubt as to the guilt of the defendant, then and in that case you should acquit him, even though without proof of such good character you would convict him. *But if under all the evidence in the case, including that bearing upon his good moral character, you have no reasonable doubt as to his guilt, you should convict him however good his character may have been.*"

The complaint is as to the italicized portion. Appellant construes this as excluding all evidence of good character from having a bearing on the question of reasonable doubt and cites cases which he claims support that contention. While the sentence complained of might have been couched in different language, we do not read it to mean what defendant says it does. See State v. Fador, 222 Iowa 134, 268 N. W. 625. There was no error here.

■ VI. Defendant's next complaint is that the court erred in not giving requested instruction No. 3. This has to deal with the definition of reasonable doubt. The court covered this feature of the case by instruction No. 6. It would unduly lengthen this opinion to set the instructions side by side. Seeing no difference in the meaning of the two, we are unable to find error on the part of the court in this regard. While the court might, perhaps, have used the instruction asked, it was not bound to do so.

■ VII. Appellant complains of the refusal of the court to instruct in effect that if the evidence was open to two constructions, one consistent with guilt and the other of innocence, the jury should acquit the defendant. No Iowa citations are given to this contention  and we are aware of none. Even so,

instruction No. 9 given by the court is in effect the same thing. It reads in part:

"In order, however, to warrant a conviction on circumstantial evidence alone, the facts and circumstances proved must not only be consistent with the defendant's guilt, but they must also be inconsistent with any rational theory of innocence."

This gave the defendant all to which he was entitled under the record in this case.

■ VIII. The eighth complaint is to the ruling on the demurrer which challenged the indictment because it alleged a violation of section 5027 of the Code, which section was repealed by section 312, chapter 134, Acts of the Forty-seventh General Assembly, which went into effect before the indictment was returned. This criticism overlooks section 63, subdivision 1, 1935 Code, and our construction thereof. See State ex rel. Ackerly v. Shepherd, 202 Iowa 437, 210 N. W. 476. We find no error here.

■ IX. Defendant's next complaint was that the court was in error in sustaining the State's motion to strike certain allegations of his motion for new trial, these grounds alleging in substance that the jury was guilty of misconduct in considering matters not in evidence, and that some of the jurors stated to their fellows facts not appearing in the record. Both motion and the ruling thereon were somewhat unusual, but there is no prejudicial error because, at best, the stricken grounds were not supported by affidavit or otherwise.

There was nothing in the stated grounds in effect other than that the defendant had not had the benefit of a fair consideration by the jury, and that the jurors considered matters which should not have been considered. The motion was verified by one of the attorneys for the defendant who said no more than that the allegations thereof "are true, as I verily believe." There is no request that the jurors be called for examination, nor any reasons given why they should be, other than the bare allegations of the motion itself. If there be any authorities justifying a court in granting a new trial for no better reasons

than here stated, they are not included in the citations appearing in defendant's brief.

■ X. Defendant argues that the court erred in sustaining certain objections to the cross-examination of the State's witnesses. A statement of the questions ruled out would seem to be sufficient to demonstrate, without further discussion, the correctness of the ruling of the court. This is the record. Munsell was asked:

"Q. I will ask you to state, if you know, how much of this mumbling upon which you have based your opinion as to Mr. McDowell's intoxication was the result of a concussion or blow that he might have received there that night?"

This was asked of the sheriff:

"Q. You know, Mr. Hook, how much of the talk you have described here of Mr. McDowell, as you observed it, was occasioned by the excitement and shock and injury he received as a result of that wreck?"

The witness Everett was asked:

"Q. * * * I will ask you to state if you know to what extent that injury that you saw there caused shock or concussion to Mr. McDowell at the time he received it?"

These, and others of the same tenor, were met with proper objections. Several reasons occur why the court was right: first, the witness could not possibly have given an answer which could have been more than a guess; second, they asked the witness to answer the very question which the jury had to decide; and third, there was no foundation laid, nor could be, to enable the witness to give an answer of any probative value.

■ XI. Defendant's next and last complaint is that there was error in the giving of instruction No. 18, which is as follows:

"The defendant has testified before you as a witness in his own behalf, and in considering and weighing his testimony

you should be governed by the instruction last given and apply the same rule as that governing the testimony of the other witnesses, taking into consideration the fact that he is the defendant and charged with the commission of the crime; and while for that reason alone you should not disregard his testimony, yet the fact that he is testifying in his own behalf may be considered by you, and you should fairly and carefully consider his evidence as you are bound to do the testimony of all the witnesses in the case; and you should also consider whether the testimony of the defendant is true, and made in good faith, or whether it is for the purpose of avoiding conviction; and in the light of all the facts and circumstances as proven by the evidence and the whole case, you should give his testimony such weight as you believe it fairly entitled to and no more."

This is said to single out the testimony of the defendant to its discredit and disparagement. While we would have preferred a different wording, we are unable to perceive any error, especially when considered with the other instructions given by the court.

There are many other arguments incident and pertinent to those herein examined which are pressed upon our attention. These have all had careful consideration but this opinion has already exceeded its proper length and we deem it unnecessary to say more. The record has been carefully scrutinized, and authorities cited examined. From such consideration we conclude that defendant had a fair trial. We have not overlooked, as was indicated earlier, the fact that the defendant made a strong showing in defense by his array of witnesses, but it was for the jury to decide the fact question.

The judgment of the trial court is accordingly affirmed.— Affirmed.

HAMILTON, C. J., and STIGER, HALE, MILLER, OLIVER, and BLISS, JJ., concur.