**STATE of Iowa, Appellee,**

v.

**Larry W. McGRANAHAN, Appellant.**

**No. 55493.**

Supreme Court of Iowa.

March 28, 1973.

Oehler, Radig & Hoy, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., Carl J. Goetz, County Atty., and Robert L. Stenander, Asst. County Atty., for appellee.

HARRIS, Justice.

Defendant appeals his conviction of selling marijuana in violation of section 204.2, The Code, 1971, prior to the amendment of that section by chapter 148 of the Acts of the Sixty-fourth G.A., First Session. We reverse and remand.

Steven Kenley, a special agent with the Iowa Department of Public Safety, is trained to make purchases of illicit drugs. He purchased a quantity of marijuana from defendant April 15, 1971. Kenley was accompanied by Linda Archibald who had been convicted of possession of heroin and was at that time cooperating with the State agents. They went first to Luther Danneman's business establishment in Iowa City. Miss Archibald introduced Keenley to Danneman. Keenley sought to "make a buy" from Danneman but was not successful. However Danneman did give him a note which was taken by Keenley and Miss Archibald to the defendant's residence. Until receiving this note Keenley had never heard of defendant. He presented the note and succeeded in making the purchase which is the basis for this prosecution.

■ I. Defendant's request for an entrapment instruction was refused. He assigns this ' refusal as error. Defendant argues he was entrapped, that he was induced by Keenley to make the delivery. He insists the evidence raises a jury question on the issue. The only testimony offered at trial on the transaction was given by Officer Keenley. He testified: "Well, Mr. Granahan was the first to speak. He said, 'What· is it that you need?' And I said, 'Well, what have you got?' And he answered with the word, 'Marijuana'."

"Basically entrapment is the inducement of an innocent person into the commission of a crime by trickery, persuasion or fraud of a government agent. Government action in merely providing the opportunity or facilities for the commission of crime does not constitute entrapment. (Citations)." State v. Davis, 175 N.W.2d 407, 410 (Iowa

1970). See also State v. Fagan, 190 N.W. 2d 800 (Iowa 1971).

■ In other words, there is no entrapment when narcotics agents merely afford an accused the opportunity to commit the offense. Wood v. United States, 10 Cir., 317 F.2d 736; United States v. Carter, 2 Cir., 320 F.2d 1. See also Annot., 33 A.L. R.2d 883. The agent in the instant case merely afforded the opportunity for the defendant to commit the crime. He did not induce the defendant to commit it. The trial court was correct in refusing to submit the instruction on entrapment.

■ II.. Defendant assigns as separate error the trial court's overruling of his motion in arrest of judgment. The gist of the motion was the claim the statute under which defendant was convicted was repealed prior to his arrest.

The transaction took place April 15, 1971. On September 20, 1971 the county attorney's information was filed. July 1, 1971 was the effective date of the Uniform Controlled Substance Act (hereafter the Act) which supplanted the chapter and section under which defendant was charged. Defendant claims the prior repeal of the law under which he was charged vitiated his conviction. The claim is without merit.

In such a claim defendant is confronted with two statutes and claims benefit of a third. Section 4.1, The Code, provides:

" * * * The repeal of a statute does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, and penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed."

In State v. McDowell, 228 Iowa 180, 290 N.W. 65, we held section 4.1 (then section 63, subdivision 1 of the 1935 Code) answered a claim that a statutory penalty had been repealed and replaced by another statute which went into effect before an indictment was returned, but after defend-

ant's arrest. See also State ex rel. Ackerly v. Shepherd, 202 Iowa 437, 210 N.W. 476.

Defendant is next faced with section 601 of the Act which provides: "Prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by the passage of this Act. * * *." Defendant seeks to circumvent the effect of these two statutes by relying on section 605 of the Act which provides:

"The laws specified below are repealed except with respect to rights and duties which matured, penalties which were incurred and proceedings which were begun before the effective date of this Act:

"1. Chapter two hundred four (204), Code 1971.

"* * *."

This section specifically preserves penalties incurred before the effective date of the Act. The question becomes one of whether the situation presents a "penalty incurred" by the effective date. The identical question was faced by the Kansas Supreme Court in Re Schneck, 78 Kan. 207, 96 P. 43. It was held:

"The penalty is imposed by the court after the fact of guilt is legally determined. It is incurred when the act for which the law prescribed the penalty is committed. It follows, then, since the crime is charged to have been committed before the repeal of the statute prescribing the penalty of death, that the repeal and amendment does not affect the penalty of the crime charged, * * *." There was no error in overruling defendant's motion in arrest of judgment.

■ III. There is merit to defendant's next assignment. Defendant rightly argues the trial court's instruction on reasonable doubt was inadequate. The court instructed:

"The burden is on the State to prove the defendant guilty beyond a reasonable doubt. This means just what it says, a doubt which is based upon reason.

"It may exist because of evidence or the lack of evidence."

Defendant requested the court to give instruction 501.11 of the uniform jury instructions of the Iowa State Bar Association as follows:

"The burden is on the State to prove the defendant guilty beyond a reasonable doubt.

"A 'reasonable doubt' is such a doubt as fairly and naturally arises in your mind and by reason of which you cannot say that you have a full and abiding conviction of the guilt of the defendant; and if, after considering all of the circumstances as disclosed by the evidence, you find your mind wavering or vacilating, then you have a reasonable doubt, and the defendant is entitled to the benefit of such doubt and you must acquit him. A reasonable doubt may arise from the evidence in the case or it may arise from a lack or failure of evidence, and it must be such a doubt as would cause a reasonable, prudent and considerate man to pause and hesitate before acting in the graver and more important affairs of life. But you should not ignore credible evidence to hunt for doubt, and you should not entertain such doubt as is purely imaginary or fanciful or based on groundless conjecture. If, after a careful and impartial consideration of all of the evidence in the case, you have a full and abiding conviction of the guilt of the defendant, then you are satisfied beyond a reasonable doubt, otherwise you are not satisfied beyond a reasonable doubt." The county attorney was also critical of the instruction. He said: "It kind of bothers me too. That instruction 7, Judge."

The vice of the instruction as given is that it contains no definition. Except for pointing out reasonable doubt may arise from the evidence or lack of it, the instruction does no more than rearrange the words which name the principle involved. Nothing is defined. The instruction says no more than a reasonable doubt is a reasonable doubt. It is devoid of any descrip-

tion of the doubt or its source, such as that expressed in the requested instruction: "* * * as fairly and naturally arises in your mind * * *." The words which name the instruction are left to be self-defining and have no reference to any standard to aid the jury in determining the reasonableness of any doubt they may entertain. The uniform instruction supplies at least three. It relates such a doubt to "* * * a full and abiding conviction of the guilt of the defendant * * *." It relates such a doubt to "* * * wavering or vacilating * * *" of the juror's minds. It relates such a doubt to the actions of the prudent man in "* * * the graver and more important affairs of life." We do not hold all or any of these three frames of reference must be included or described in the instruction but some standard should be.

■ We do not wish to be understood as holding or intimating trial courts are bound by any model or form in formulating instructions. We especially do not wish to be understood as intimating brief and succinct instructions are in any way discouraged. However an understanding of reasonable doubt is crucial to the deliberations of the jury in nearly every criminal case. We have read certain federal cases which approve instructions similar to the one we here disapprove. One such case is United States v. MacDonald, 455 F.2d 1259 (1 Cir. 1972). In MacDonald reasonable doubt was described as: "(P)roof to a moral certainty, proof beyond a doubt for which you can give a reason." After upholding this definition the court gave the following admonition:

"We nevertheless feel constrained to add a cautionary note. Whatever their value in other areas of the law in adding zest or currency to otherwise all too predictable proceedings, personal variations on elements such as reasonable doubt seldom represent sound judicial practice. A common effect of such variations is to excite both controversy and appellate litigation without any offsetting assurance that the attempted clarification is either necessary (Authorities) or successful (Authorities). Courts have consistently approved several standard formulations of the reasonable doubt standards and we cannot conceive of any compelling need for an innovation such as that at issue here. Furthermore, we share the concern of those courts which, although tolerating similar instructions, had disapproved of them as flirting unnecessarily with an impermissible lessening of the government's burden of proof. We therefore suggest that district courts in this circuit refrain in the future from going outside of the consistently approved stock of charges on reasonable doubt with variations such as the one employed here." 455 F.2d at 1263.

We hold the trial court erred in refusing to give defendant's requested instruction or its substance.

IV. We point out the fact that the more complete instruction on reasonable doubt was requested by defendant in this case. Accordingly we are not presented with the question of whether reasonable doubt needs to be defined in the absence of a request.

■ We also note both the requested uniform instruction and the instruction given were defective in another respect not argued at trial or on appeal. For the benefit of the bench and bar we note the instruction on reasonable doubt should limit its reference to the lack or failure of evidence to such a lack or failure or evidence *produced by the state.* State v. Stout, 247 Iowa 453, 74 N.W.2d 208.

■ V. After his conviction defendant filed an application to be punished merely as an accommodation purchaser. Section 410 of the Act allows a defendant found guilty of selling marijuana to request a hearing to determine whether the sale for which he was convicted was an accommodation sale. The statute provides, if the convicted person establishes by "* * * clear and convincing evidence

that he delivered or possessed with intent to deliver a controlled substance only as an accommodation to another individual and not with intent to profit thereby nor to induce the recipient \* \* \* to become addicted to or dependent \* \* \*" the sentencing shall be on a reduced basis. No question is raised as to the appropriateness of this proceeding. The hearing was held at which defendant alone testified. He outlined the claim he was prompted in the transaction only as a favor or accommodation to the purchaser. The trial court denied the application. The findings of the trial court have the effect of a jury verdict. State v. Mulqueen, 188 N.W.2d 360 (Iowa 1971). The trial court was not bound to accept defendant's testimony because it was not contradicted. Jordan v. Sinclair Refining Co., 257 Iowa 813, 135 N.W.2d 120. The trial court was even less required to consider defendant's testimony clear and convincing. Defendant's assignment on his claim to be an accommodation purchaser is without merit.

By reason of the error discussed in division III hereof the case must be and is

Reversed and remanded.