STATE OF IOWA v. SOL DAVIS, Appellant.

CRIMINAL LAW: *Calling attention to failure of defendant to testify*. Where the prosecuting attorney, in speaking of defendants, said, "I think we will introduce other evidence from the lips of each one of the gentlemen, himself," the remark was not objectionable as calling attention to the fact that defendants might testify in their own behalf, since the remarks may have referred to evidence of admissions or confessions which the state expected to introduce.

MISCONDUCT IN ATTORNEY'S STATEMENT: *Curing error*. Where the prosecuting attorney stated that he expected to prove that defend-

ant had been convicted of a felony, and, on objection to the remark, the court told the jury not to consider it, the defendant was not prejudiced

CROSS-EXAMINATION: *Moral character in issue.* Where a witness, whose general moral character and reputation for truth was in issue, testified that she was engaged in keeping a restaurant in a certain town, and that defendants lodged in her house the night the burglary was committed, it was not error to allow the prosecuting attorney, on cross-examination, to ask her if she had not been engaged in selling liquor part of the time she was in that town.

*Appeal from Appanoose District Court.*—HON. M. A. ROBERTS, Judge.

TUESDAY, APRIL 10, 1900.

THE defendant Sol Davis was jointly indicted, tried ,and convicted of the crime of burglary with one Charles Hart. Judgment of imprisonment in the penitentiary for a term of years was rendered against the defendant Sol Davis, from which he appeals.— *Affirmed.*

*Mabry & Payne* for appellant.

*Milton Remley*, Attorney General, and *Chas. A. Van Vleck*, Assistant Attorney General, for the State.

GIVEN, J.—I. There was no question but that a burglary was committed as charged. The controversy was whether the appellant and his co-defendant, Hart, were connected with its commission. Appellant's first complaint is of the conduct of counsel for the state in certain particulars in the opening statement and in the closing argument to the jury. The statements, as claimed to have been made, are set out in what purports to be a bill of exceptions, but which, according to appellant's abstract, does not appear to have been signed by the judge, nor is it anywhere alleged in the record to have been signed by him. Appellee's additional abstract shows that several affidavits were filed in resistance of appellant's motion for a new trial, showing that the statements complained of were not made as claimed, and, as made, were not objectionable nor prejudicial. With this state of the record, we cannot say that remarks were made by counsel, as claimed and complained of by the appellant; but, conceding that they were, we do not think they exceed the privilege of the occasion, or were prejudicial. For instance, it is claimed that in the opening statement counsel said: "I think we will introduce other evidence from the lips of each one of the gentlemen himself that his former record has not been —" Objection being

made the sentence was not completed. The complaint is that this called the attention of the jury to the fact that defendants might testify in their own behalf. But not so. The state may have expected to prove important matters "from the lips of each" by showing admissions or confessions made by them. It is claimed that, as a completion of said statement, other counsel for the state said in the opening statement: "We expect to show that he has been convicted of felony." According to the bill of exceptions, this was objected to, and the court said: "Objection sustained. The jury will not consider that remark,"— thereby admonishing the jury not to consider these statements, and removing any possible prejudice that could result from them. Other similar complaints are made, based upon said alleged bill of exceptions, but we fail to discover that the complaints are well founded, or that appellant was prejudiced.

II. Appellant's counsel question the sufficiency of the evidence to sustain the verdict. The defense was "alibi," a complete defense, if sustained. We will not discuss the evidence. It is sufficient to say that it fully warranted the jury in finding that the "alibi" was not established, and that appellant was present, and participated in the commission of the burglary.

III. After the defense had called the second witness, the state asked, and the court ordered, a separation, of the witnesses. It was discretionary with the court whether to so order or not, and no abuse of this discretion appears. Anna Burns, called by defendant, testified that she kept a restaurant in Centerville, and that the defendants lodged in her house the night the burglary was committed. She was asked if she had been engaged in selling liquor part of the time she had lived in Centerville. Defendant objected, as not proper cross-examination, immaterial, and not asked with a proper motive. The objection was overruled, and the witness answered, "I have paid for all I have done in Centerville." The transcript shows that the court informed the witness that she had a right to decline to answer, or that she might answer, if she wished to do so, and that the further cross-examination was whether she declined to answer. The general moral character and general reputation for truth and veracity of this witness was put in issue by direct evidence. There was no error in permitting the state to inquire as to her occupation. We have examined this record with care, and conclude that the appellant had a full, fair trial, and that his conviction and the judgment are warranted by the evidence.—AFFIRMED.