**STATE of Iowa, Appellee,**

v.

**Gregory A. SHARKEY, Appellant.**

No. 65379.

Supreme Court of Iowa.

Oct. 21, 1981.

Wallace L. Taylor, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Robert J. Curnan, Dubuque County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This appeal from convictions of first-degree robbery and assault while participating in a felony principally involves the propriety of evidentiary rulings and jury instructions.

On the evening of October 31, 1979, defendant Gregory A. Sharkey entered the Beecher Service Station in Dubuque, Iowa, with the intention of stealing. He had hidden his face by a rubber Halloween mask and he carried a paper sack containing an unloaded .22 calibre automatic pistol.

On entering the station defendant confronted three employees. He pulled the gun from the sack and demanded the keys to the cash register. When employee Steven Payne reached into his pocket for the cash register keys, defendant struck him in the mouth. Employee Joseph Beecher immediately kicked defendant, and a scuffle ensued. Defendant was able to free himself from Beecher's grasp, and fled from the station. After a short chase defendant was apprehended. He obtained no money.

The county attorney charged defendant with first-degree robbery, §§ 711.1, 711.2, The Code 1979, and assault while participating in a felony. § 708.3. A jury found defendant guilty on both counts, and the trial court sentenced him accordingly.

On appeal defendant contends that the trial court erred in several respects: (1) in failing to exclude witnesses from the courtroom, (2) in excluding certain testimony concerning defendant's mental condition at a time prior to the robbery, (3) in permitting impeachment of defendant with regard to prior convictions, (4) in refusing to instruct the jury regarding a certain intent

element in first-degree robbery, and (5) in failing to instruct the jury on the requirement of no justification in assault.

I. *Refusal to exclude witnesses.* Defendant contends that the trial court abused its discretion in denying his motion to exclude the State's witnesses from the courtroom when not testifying.

██ Courts have long recognized the practice of excluding witnesses as a means of preventing a witness from shaping his testimony to conform with that of earlier witnesses. 3 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶ 615[01] (1978); 6 J. Wigmore, *Evidence* § 1837–38 (J. Chadbourn rev. 1976); 75 Am.Jur.2d *Trial* § 61 (1974); 23 C.J.S. *Criminal Law* § 1010 (1961). In Iowa, however, a party is not entitled as a matter of right to exclusion of witnesses from the courtroom. This court has held on prior occasions that the granting of such an order rests within the sound discretion of the trial court. *State v. Sampson*, 220 Iowa 142, 143, 261 N.W. 769, 770 (1935); *State v. Christy*, 154 Iowa 514, 519, 133 N.W. 1074, 1076 (1912); *State v. Worthen*, 124 Iowa 408, 410–11, 100 N.W. 330, 331 (1904); *State v. Davis*, 110 Iowa 746, 748, 82 N.W. 328, 329 (1900).

██ Defendant did not suffer harm from the trial court's ruling in this case. The record does not suggest that the State's witnesses engaged in collusion or that any witness was influenced in his testimony by the testimony of other witnesses. Although three of the witnesses observed the robbery from the same vantage point, the testimony of each differed as to what was seen and remembered. In short, defendant has failed to demonstrate that he was in any manner harmed by the denial of the motion to exclude. In the absence of prejudice we cannot say that a reversal is required.

II. *Testimony concerning mental condition.* At trial defendant attempted to introduce evidence as to his state of mind prior to the incident, consisting of testimony describing his mental condition both (1) before a commitment hearing held in March 1979 which resulted in his temporary confinement in a mental health institute and (2) after that hearing. The trial court permitted introduction of evidence of mental condition after that hearing but the court excluded the evidence of pre-hearing mental condition on the ground that it was too remote to be relevant to the October 1979 incident at the service station. Defendant urges that the trial court erred in excluding the evidence of pre-hearing mental condition.

██ An objection based on remoteness raises an issue of relevancy. *State v. Engeman*, 217 N.W.2d 638, 639 (Iowa 1974). The basic test for relevancy is whether the evidence offered would render the desired inference more probable than it would be without the evidence. *State v. Watts*, 244 N.W.2d 586, 589 (Iowa 1976); *State v. Sparks*, 238 N.W.2d 777, 779 (Iowa 1976). Although evidence may in itself appear relevant, it may relate to a time so remote from the date of the happening of an incident that it has little probative value. 1 *Wharton's Criminal Evidence* § 152 (13th ed. C. Torcia 1972). *See also* 1 *Jones on Evidence* § 4:1, at 380 (6th ed. A. Gard 1972); 29 Am.Jur.2d *Evidence* § 253 (1967); 31A C.J.S. *Evidence* § 159, at 432–33 (1964). Whether evidence which is otherwise relevant should nevertheless be excluded because of remoteness is again a decision which rests in the sound discretion of the trial court. *In re Estate of Poulos*, 229 N.W.2d 721, 726 (Iowa 1975); *Engeman*, 217 N.W.2d at 639; *State v. Clark*, 187 N.W.2d 717, 720 (Iowa 1971); *State v. Schlak*, 253 Iowa 113, 117, 111 N.W.2d 289, 292 (1961).

██ In the present case the trial court permitted defendant to introduce evidence of his mental condition subsequent to the hearing. That evidence covered the period from the March 1979 commitment hearing to the robbery on October 31, 1979—a period of at least seven months. The trial court concluded that the pre-hearing evidence was too remote to have probative value as to the defendant's state of mind on the date of the incident in question. We cannot say that the trial court abused its discretion.

III. *Prior conviction evidence.* Defendant testified at the trial. On cross-examination the State attempted to impeach his credibility by questioning him about two prior felony convictions. *See State v. Martin*, 217 N.W.2d 536, 542 (Iowa 1974). In this connection the transcript reads:

Q. Have you ever been convicted of a felony, Mr. Sharkey? A. Yes.

Mr. Taylor: Objection, Your Honor. That's not specific enough under the Martin decision.

The Court: I didn't hear you.

Mr. Taylor: It's not specific enough under the Martin decision.

The Court: Overruled.

Q. Have you been convicted of more than one felony? A. Yes.

Defendant asserts that the trial court erred in its ruling.

 Any error in this instance was not preserved for review. Objections to evidence must be raised at the earliest time the alleged ground becomes apparent. *State v. Gibb*, 303 N.W.2d 673, 678 (Iowa 1981); *State v. Reese*, 259 N.W.2d 771, 775 (Iowa 1977); *State v. Boose*, 202 N.W.2d 368, 369 (Iowa 1972). When, as in the present case, an objection is late and follows the answer, a motion to strike and an application to have the objection precede the answer, or an excuse for the tardy objection, must be made in order for the objection to preserve error. *State v. Taylor*, 310 N.W.2d 174 (Iowa 1981); *State v. Steltzer*, 288 N.W.2d 557, 558 (Iowa 1980); *State v. Jones*, 271 N.W.2d 761, 767 (Iowa 1978); *Reese*, 259 N.W.2d at 775; *State v. Hinkle*, 229 N.W.2d 744, 748 (Iowa 1975). Since defendant made no motion to strike, did not apply to have the objection precede the answer, and gave no excuse for the delay, the objection made after defendant answered was inadequate to preserve error.

IV. *Instruction on first-degree robbery.* Defendant next contends that the trial court erroneously instructed the jury on the elements of first-degree robbery by failing to include the element of intent to cause death or serious injury if resisted.

The definition of first-degree robbery in section 711.2 does not expressly impose the claimed intent requirement, but defendant asserts that such an intent is an element by inference. He bases his argument on *Emery v. Fenton*, 266 N.W.2d 6 (Iowa 1978). In *Emery* this court noted that the new criminal code is primarily a restatement of prior law and that changes made by the revision of a statute will not be construed as altering the law in the absence of a clear and unmistakable legislative intent to change the law. *Id.* at 8, 10. Defendant contends that section 711.2 is merely a restatement of the repealed offense of robbery with aggravation. § 711.2, The Code 1977. He reasons that because the repealed offense required an intent to kill or maim if resisted, the trial court should have included that element when instructing the jury on the elements of the revised offense.

Section 711.1 defines robbery thus:

A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:

1. Commits an assault upon another.

2. Threatens another with or purposely puts another in fear of immediate serious injury.

3. Threatens to commit immediately any forcible felony.

It is immaterial to the question of guilt or innocence of robbery that property was or was not actually stolen.

Section 711.2 defines first-degree robbery which is specifically involved here: "A person commits robbery in the first degree when, while perpetrating a robbery, the person purposely inflicts or attempts to inflict serious injury, or is armed with a dangerous weapon." The purpose of section 711.2 is to specify the aggravating circumstances which will cause a robbery to be of the first degree. One such aggravating circumstance is being armed with a dangerous weapon, and such is the kind of case we have before us.

Apparently the legislature believed that merely being armed with a dangerous weapon in the course of a robbery is itself sufficient to warrant the increased sanction associated with first-degree robbery. That view is supported by the writers of the initial drafts of the new statutes for the legislative subcommittees. In their treatise Professors Yeager and Carlson state:

§ 711.2 continues the principle that the use of a dangerous weapon in committing a robbery is an aggravating circumstance. The language of the former statute requiring that the offender intend to use the weapon on his victim, if resisted, is omitted here. It was felt that the possession by a robber of a dangerous weapon was in itself a sufficient showing of his intent.

4 J. Yeager and R. Carlson, *Iowa Practice* § 253 (1979). *See also* Dunahoo, *The New Iowa Criminal Code*, 29 Drake L.Rev. 237, 396 (1979–80) ("[T]he cumbersome pre-revised requirement (for Robbery With Aggravation) that an armed robber be shown to have the *intent to kill or maim, if resisted,* was eliminated.").

■ Where the language of a statute is plain and unambiguous, no duty of interpretation arises; the sole judicial function is to enforce it according to its terms. *State v. Baker*, 293 N.W.2d 568, 572 (Iowa 1980); *First National Bank of Ottumwa v. Bair*, 252 N.W.2d 723, 725 (Iowa 1977); *State v. Dunham*, 232 N.W.2d 475, 476 (Iowa 1975); *Maguire v. Fulton*, 179 N.W.2d 508, 510 (Iowa 1970). In section 711.2 the legislature expressed its intent to punish more severely those robberies where the robber is armed with a dangerous weapon regardless of whether the robber intends to use the weapon if the victim resists. We hold that section 711.2 does not require the State to prove intent to kill or maim if resisted as an element of first-degree robbery in the dangerous weapon cases. The trial court therefore did not err in refusing to instruct on that point. We will deal with the case of the robber who "purposely inflicts or attempts to inflict serious injury" when it arises.

V. *Instruction on assault.* At trial defendant claimed that he struck Steven

Payne in self defense and that his conduct was therefore justified. § 704.3, The Code. In its jury instructions the trial court defined assault as follows:

Under the law of Iowa, a person commits an assault when he intentionally points or otherwise displays, in a threatening manner, a pistol toward another, or commits any act which is intended to cause pain or injury to another.

Defendant objected to the instruction on the ground that it omitted the words "without justification," found in the statutory definition of assault. § 708.1, The Code. According to defendant the instruction should have read:

A person commits an assault when he intentionally points or otherwise displays in a threatening manner a pistol toward another or commits any act which is intended to cause pain or injury to another *without justification.*

(Emphasis added.) On appeal defendant argues that the omission of the words "without justification" from the instruction constitutes reversible error because the omission precluded the jury from considering defendant's theory of self defense.

■ In a prosecution for assault the State has the burden of proving beyond a reasonable doubt that the defendant was not acting in self defense. *State v. Beyer*, 258 N.W.2d 353, 356 (Iowa 1977); *State v. Cruse*, 228 N.W.2d 28, 30 (Iowa 1975); *State v. Vick*, 205 N.W.2d 727, 731 (Iowa 1973); *State v. Rourick*, 211 Iowa 447, 448, 233 N.W. 509, 510 (1930); 6 Am.Jur.2d *Assault & Battery* § 93 (1963); 6A C.J.S. *Assault & Battery* § 115 (1975). But where the record does not contain substantial evidence of self defense the trial court is not obligated to instruct the jury on justification. *State v. Huemphreus*, 270 N.W.2d 457, 463 (Iowa 1978); *State v. Fisher*, 246 N.W.2d 918, 920–21 (Iowa 1976); *Vick*, 205 N.W.2d at 731; *State v. Frommelt*, 159 N.W.2d 532, 535 (Iowa 1968); *State v. Bales*, 251 Iowa 677, 684, 102 N.W.2d 162, 166 (1960); *State v. Moon*, 241 Iowa 1232, 1236, 44 N.W.2d 739, 741 (1950). This statement of the general rule appears in 6A C.J.S. *Assault & Battery* § 128, at 555 (1975):

In a prosecution for assault and battery, the court may properly refuse to instruct as to matters of justification not raised by the evidence, and an erroneous or inapplicable instruction on accused's defensive theory need not and should not be given, particularly where those instructions given fully cover accused's rights. Where there is no evidence in support of the defense of self-defense an instruction with regard thereto need not be given.

The record in the present case does not contain substantial evidence to generate a fact issue on self defense. Defendant claims he struck Steven Payne because he thought Payne was about to attack him. Assuming without deciding that a robber who is holding up a victim at gun point can nonetheless claim self defense if the victim attacks him, nothing in this record suggests that Payne made any threatening movements or gestures toward defendant. The theory of self defense was unsupported by substantial proof, and the trial court was correct in refusing to instruct the jury on the issue of justification. *Huemphreus*, 270 N.W.2d at 463.

Defendant's assignments of error lack merit.

AFFIRMED.