# IN THE COURT OF APPEALS OF IOWA

No. 22-0569
Filed August 30, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH ALLEN VANDERFLUGHT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Decatur County, Thomas P. Murphy,

Judge.

        Joseph Vanderflught appeals two convictions for attempt to commit murder.

**AFFIRMED.**

        Karmen R. Anderson, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney

General, for appellee.

        Considered by Ahlers, P.J., Badding, J., and Doyle, S.J.*

        *Senior judge assigned by order under Iowa Code section 602.9206 (2023).

**DOYLE, Senior Judge.**

On direct appeal, Joseph Vanderflught challenges two convictions for attempt to commit murder for firing a rifle into a passing car and striking the people inside. He challenges his attorney's representation, several district court rulings, and the sufficiency of the evidence supporting his convictions. Because we cannot consider claims of ineffective assistance of counsel on direct appeal and we find no merit in his claims of individual and cumulative error, we affirm.

**I. Background Facts and Proceedings.**

The State charged Vanderflught with two counts of attempt to commit murder after he fired his rifle into a passing car, injuring the two people inside. At the time, Vanderflught mistakenly believed that he was firing at a car driven by Chance Newton, with whom he had been involved in an escalating feud. Just before the shooting, a friend warned Vanderflught that Newton was driving to his house with a gun "to deal with" Vanderflught. In response, Vanderflught retrieved a rifle outfitted with a scope and waited in the yard.

At trial, Vanderflught testified he saw headlights and heard excessive acceleration coming in his direction. He believed he saw police lights coming from behind the car. Startled from hearing a gunshot and his daughter scream, Vanderflught fired his rifle into the air. The car started to hit its brakes "and acted like it was going to turn around and come back." Vanderflught fired at the roof of the car, and its back window exploded.

A jury found Vanderflught guilty as charged. The district court sentenced Vanderflught to two twenty-five-year sentences, ordering the sentences to run concurrently. Vanderflught appeals.

**II. Ineffective Assistance of Counsel.**

Vanderflught first contends his trial counsel's representation was unconstitutionally deficient, identifying objections that his attorney failed to make during trial. He claims that these failures resulted in structural error, which affected the framework of trial. But Iowa Code section 814.7 (2021) prohibits us from deciding claims of ineffective assistance of counsel on direct appeal. *See State v. Tucker*, 959 N.W.2d 140, 159 (Iowa 2021). Thus, we do not address the individual claims of ineffective assistance or the structural error claim that stems from them.

In the alternative, Vanderflught asks us to adopt a plain-error review, which would allow us to consider the validity of those objections, even though they were not brought to the court's attention. We cannot. Our supreme court has "repeatedly rejected plain error review," *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021), and we cannot overrule that precedent, *see State v. Beck*, 854 N.W.2d 56, 64 (Iowa 2014).

**III. Evidentiary Rulings.**

Vanderflught next contends the court erred by determining two exhibits containing text messages he exchanged with others are relevant and admissible. Although Vanderflught objected to the admission of both exhibits on relevance grounds at trial, the nature of his evidentiary challenge is different on appeal.[1] For this reason, the State alleges that error is not preserved. But even assuming error

---

[1] At trial, Vanderflught objected that the exhibits were not relevant because the State had not yet elicited evidence that he was the person who fired the shots in question. On appeal, he argues that "the majority of text messages . . . were wholly irrelevant to the facts of this case" and the exhibits "contained a significant amount of inflammatory texts that would have colored the juries opinion of [him]."

was preserved, the exhibits are relevant to explain the dispute that led to the shooting and show Vanderflught's intent to kill. The district court did not abuse its discretion in admitting the exhibits into evidence. *See State v. Lacey*, 968 N.W.2d 792, 805 (Iowa 2021).

### IV. Lead Detective's Presence During Voir Dire.

Vanderflught also contends that he was denied a fair trial when the district court allowed the lead detective to sit at counsel's table during voir dire. He claims that the detective sitting with the prosecutor during jury selection was like the prosecutor vouching for him, bolstering his credibility as a witness. We review his claim for an abuse of discretion. *See State v. Sharkey*, 311 N.W.2d 68, 70 (Iowa 1981) (reviewing a denial of the defendant's motion to exclude the State's witnesses from the courtroom under an abuse-of-discretion standard); *State v. Frommelt*, 159 N.W.2d 532, 537 (Iowa 1968) (stating that the trial court has considerable discretion in conducting the trial). We reverse only if the court's ruling prejudiced Vanderflught. *See Sharkey*, 311 N.W.2d at 70.

Before trial, Vanderflught's attorney noted that the detective was seated at counsel table. He argued that it was not appropriate for any law enforcement officer to sit with counsel during trial and asked the court to sequester all the witnesses, including the detective. The prosecutor responded that the detective was seated there to assist him during the trial, "starting with jury selection." The court allowed the detective to remain in the courtroom at counsel table during voir dire but not while other witnesses testified.

Iowa Rule of Evidence 5.615 authorizes the court to exclude witnesses from the courtroom:

> At a party's request, the court may order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
> a. A party who is a natural person.
> b. An officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney.
> c. A person whose presence a party shows to be essential to presenting the party's claim or defense.
> d. A person authorized by statute to be present.

The purpose is to prevent witnesses from shaping their testimony to conform with the testimony of other witnesses. *See Sharkey*, 311 N.W.2d at 70. But a party may not exclude a witness from the courtroom as a matter for right. *See id.*

We note that only one word differs between the Iowa rule and its federal counterpart, Federal Rule of Evidence 615. *Compare* Iowa R. Evid. 5.615 (stating that "the court *may* order witnesses excluded" (emphasis added)), *with* Fed. R. Evid. 615 (stating that "the court *must* order witnesses excluded" (emphasis added)). Federal courts interpreting rule 615(b) have held it "allows the investigative officer in a case to be the government's designated representative to assist the prosecutor at trial, notwithstanding that this officer will also testify at trial as a government witness."[2] *See, e.g.*, *United States v. Robles-Pantoja*, 887 F.2d

---

[2] The advisory committee notes on the 1972 proposal of Federal Rule of Evidence 615 notes that exception (b) adopts the federal court practice of "allowing a police officer who has been in charge of an investigation to remain in court despite the fact that he will be a witness." In recommending adopting the rule, the Senate Committee on the Judiciary expanded on the reasons for the practice, which reflect the prosecutor's statements at trial:

> The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having

1250, 1257 (5th Cir. 1989).  Because the rules are identical except to allow Iowa courts greater discretion in excluding witnesses, we see no reason to interpret it differently.

The district court did not abuse its discretion.  Rule 5.615 allows the court to exclude witnesses to prevent them from hearing the testimony of other witnesses.  Despite the exception set out in paragraph (b), the court did not allow the detective to remain in the courtroom during the testimony of other witnesses.

**V. Sufficiency of the Evidence.**

Vanderflught challenges the sufficiency of the evidence supporting his conviction.  He argues that the shooting was justified because he reasonably believed that he was being fired upon.

We review a challenge to the sufficiency of the evidence for correction of legal errors.  *See State v. Heard*, 636 N.W.2d 227, 229 (Iowa 2001).  In doing so, we view the evidence in the light most favorable to the State.  *See id.*  If substantial evidence supports the verdict, we affirm.  *See id.*  Evidence is substantial if it would

---

> lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty.

S. Rep. 93-1277 (1974), 1974 U.S.C.C.A.N. 7051, 7072.

Although no Iowa cases have interpreted rule 5.615(b), Kansas prohibited the practice of allowing a testifying law enforcement officer from sitting at counsel table during the trial for the reasons identified by Vanderflught.  *See State v. Sampson*, 301 P.3d 276, 282–83 (Kan. 2013) (holding that the officer's presence at the table "created too great an impression that he was 'clothed with public authority,' thereby improperly enhancing his credibility with the jury").

> [B]ecause of the likelihood of this practice enhancing a testifying law enforcement officer's credibility with the jury in any given case, we hold that from today forward, a trial court has no discretion to permit a testifying law enforcement officer to sit at the prosecution table, regardless of the practical benefits of that practice to the prosecution.

*Id.* at 283.

convince a rational fact finder that the defendant is guilty beyond reasonable doubt. *See id.*

Vanderflught argues that even if he were mistaken about the danger presented that night, his belief in that danger justified his actions. He notes the information that he received from a friend that Newton was headed to his home with a gun. The vehicle he shot at was the same color as Newton's vehicle. Vanderflught was also told that Newton was being chased by law enforcement, and the vehicle he shot at was traveling at a high rate of speed and followed by a law enforcement vehicle with its emergency lights engaged. Vanderflught testified that he first fired after he heard a gunshot, and his daughter testified that a piggy bank exploded in the kitchen when it was struck by a shot.

Viewing the evidence in the light most favorable to the State, a reasonable person could reject Vanderflught's claim that he believed his family was in danger on the night of the shooting. Although he claims he heard a shot, he did not tell investigators about it until after the State charged him with attempted murder. Vanderflught also claimed that he found the bullet that shattered the piggy bank,[3] but he did not inform law enforcement when he found it. And he did not have the bullet at the time of trial, claiming it was misplaced. Vanderflught also exchanged messages with his friend that show he planned to shoot Newton, contradicting his claim that he shot at the vehicle only after believing its occupants shot first.[4] Substantial evidence supports Vanderflught's convictions.

---

[3] Another person inside the house that night told investigators that the piggy bank broke when it fell.

[4] In his brief, Vanderflught notes that he "did not have any beef with" the two people shot and "absolutely no motive to harm them." But under the doctrine of transferred

**VI. Cumulative Error.**

Finally, Vanderflught claims that he is entitled to a new trial based on the cumulative effect of the errors alleged. *See State v. Carey*, 165 N.W.2d 27, 36 (Iowa 1969) (concluding that no individual error alone required a new trial, but reversing the defendant's convictions and remanding for new trial because the cumulative effect of those errors deprived the defendant of a fair trial). But we cannot decide Vanderflught's ineffective-assistance claims on direct appeal, and we find none of his other claims have merit. Without finding individual error, there is no basis for reversing for cumulative error.

We affirm Vanderflught's convictions.

**AFFIRMED.**

---

intent, any motive he had to harm Newton transferred to the vehicle's occupants. *See State v. Mong*, 988 N.W.2d 305, 313 (Iowa 2023) ("Iowa's courts have repeatedly applied the doctrine of transferred intent to impose liability where a criminal defendant acts with intent to kill or harm one person but inadvertently kills or harms an unintended person.").